The judgment of the court was pronounced by
Preston, J.
On the 18th of September, 1837, William Long and Joseph T. Robinson entered into a partnership in lands and negroes, situated in the then parish of Natchitoches, now DeSoto, for the purpose of cultivating cotton and other crops. They subsequently acquired other tracts of land and increased their force of slaves, and .their transactions became very complicated. Most of the property had been placed in the name of Robinson, and had been sold under executions to satisfy claims against him of his minor sou, and was purchased by the under-tutor on account of the son.
In April, 1848, Long instituted a suit for a dissolution and settlement of the partnership and partition of its effects. He filed a supplemental petition in the fall, asking for the sequestration of the crop of that year, which was granted.
The son of Robinson, by his under-tutor, was made a party to the suit, and the plaintiff demanded that the sales to him should be annulled on the ground of collusion and fraud.
On the 25th of May, 1849, the parties entered into a compromise before a notary public, substantially as follows : “Whereas, a suit in which the said William Long is plaintiff, and the said Joseph T. Robinson and others are defendants, is now pending in the District Court for the parish of DeSoto, and numbered on the docket of said court as 199, they do by this act, and in the presence of their respective attornies, make and agree to the following compromise of said suit: In consideration of the said compromise, the said Robinson agrees to pay unto the said Long three thousand dollars payable in drafts.” (on terms specified.) “On the payment of the said drafts, the said Long agrees that a final judgment shall be entered up in favor of the said defendants in the said suit, recognizing said defendants fully and completely in their rights of the property contested in said suit, and a final dissolution of all the affairs of the firm of Long 8f Robinson.”
As early as the 7th of June, 1849, the plaintiff gave notices to the parties interested that, according to his understanding, he compromised only as to the supplemental petition in said suit, claiming.half the crop of 1848. But subsequently, in October, 1849, he instituted the present suit to annul the whole compromise on the ground already mentioned, and also on the ground of error and fraud practised upon him in obtaining his signature to the act.
*628 The compromise, in express terms, embraces the whole suit No. 199, and the plaintiff 'agrees that a final judgment shall be entered up in favor of the defendants in said suit, recognizing the defendants fully in their rights to the property contested in said suit, and a final dissolution of all the affairs of the firm of Long $f Robinson. To set it aside, it was incumbent on the plaintiff to have proved that it was made in error or procured by fraud.
The plaintiff seems to rely to establish both, by the large amount of his claims compared with the small sum of $3000 for which they were compromised. But the code expressly provides, that a compromise cannot be annulled on account of any lesion — art. 3045; because it is an agreement to put an end to a lawsuit, and which the parties prefer to the hope of gaining, balanced by the danger of loosing. Code 3038. The plaintiff is therefore not only unfounded in the opinion that the sacrifice he made in the compromise is cause for its rescission, but the district court also properly refused to admit testimony of the value of the property and claims compromised by him.
The suggestion made by the plaintiff in his brief, that the compromise is not binding upon him, because all the parties interested in it did not sign it, cannot avail him. All signed it who were expressly made parties. It was indeed intended not only to benefit Robinson, but also to quiet the titles of his son. The minor son had no interest in the suit but to defend his titles. An act between parties which is beneficial to a third person, certainly cannot be annulled between the parties, because the third person is not a party to the act.
The plaintiff next alleges, as a ground of error and fraud, that Robinson having agreed to compromise his claim for half the crop of 1848, and give him $3000 for the same, fraudulently and clandestinely caused an act entirely different in its nature to be prepared by a notary; that when the act was read by the notary in presence of the parties thereto, he did not hear what was read, owing to his hearing being at the time very much impaired ; and he alleges that he did not read the act before he signed it, thinking it was in accordance with his previous agreement with Robinson.
Parsons, the notary who drew the act of compromise, testifies that he was instructed by the attornies of the plaintiff and defendant as to the terms of the compromise, and agreeably to those terms the act was drawn. After it was written, he read it in an unusually audible voice, having heal'd that the plaintiff was somewhat deaf at times. He inserted the names of the attornies of the parties because he knew they were engaged in great and expensive litigation, and they signed the act with the parties. The room was small, and he has no doubt every line and word of the act was understood by every person in the room. The parties were present when the attornies gave the instructions as to the drawing up of the act,
Hamilton, the attorney of the plaintiff, states that the plaintiff read the act, and it was afterwards read to him by the notary, and that matters were thoroughly discussed by the parties before going to the notary.
Sebastian, a witness to the act, saw the plaintiff read it. Quarles, the only other witness examined, went in but for a moment to attest the act as a witness, and does not contradict the other witnesses. The plaintiff’s most essential allegation is, therefore, entirely rebutted by the evidence.
The testimony of Hamilton was objected to, on the ground that he was the plaintiff’s attorney, and could not disclose confidential communications. He did not disclose confidential communications. The plaintiff asked fora new trial, on the ground that he could prove by Hamilton, Jones and Bullard, that there was *629 such a degree of violence exercised towards him to make the compromise, ns justly inspired him with fear of great injury to his fortune, and which induced him to make said compromise against his interest and his wishes ; and he made oath that he did not know until after the trial that the evidence was of great importance to him.
The violence charged was not alleged in the plaintiff’s petition, and, indeed, is somewhat inconsistent with his allegations of error and fraud. Pie does not pretend to have discovered the evidence subsequently, to the trial, and indeed from its nature must have known of it before. There was not, therefore, sufficient ground for granting a new trial. C. P. 561. 10 M. R. 83. 3 N. S. 125. 4 N. S. 419.
It was the plaintiff’s misfortune to have conducted his cause without the aid of counsel, but it is one against the consequences of which we are unable to afford relief.
The judgment of the district court is affirmed, with costs.